*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0210p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

WILLIAM BARTHOLOMEW,

> *Plaintiff-Appellant,*

*v.*

No. 04-5501

TOWN OF COLLIERVILLE, TENNESSEE et al.,

> *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 03-02609—Samuel H. Mays, Jr., District Judge.

Submitted: April 20, 2005

Decided and Filed: May 9, 2005

Before: SUHRHEINRICH and GILMAN, Circuit Judges; ACKERMAN, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Julie C. Bartholomew, Somerville, Tennessee, for Appellant. Edward J. McKenney, Jr., HARRIS, SHELTON, HANOVER & WALSH, Memphis, Tennessee, for Appellee.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. In December of 2000, William Bartholomew brought an action in state court challenging a zoning ordinance enacted by the Town of Collierville, Tennessee. He sought damages under state-law theories from the municipality, as well as from individual town officials. Bartholomew twice amended his complaint to include federal claims. The defendants (collectively "Collierville") filed a Petition for Removal of the case from state court to the United States District Court for the Western District of Tennessee after the second amendment.

Collierville's petition was denied by the district court and the case was remanded to the state court. Bartholomew then moved under 28 U.S.C. § 1447(c) for an award of attorney fees and expenses incurred as a result of the petition. The sole question raised in this appeal is whether the district court's denial of Bartholomew's motion constitutes reversible error. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

1

# I. BACKGROUND

## A.    Underlying lawsuit

Bartholomew's original complaint, which was filed in December of 2000 in the Chancery Court of Tennessee, sought a declaratory judgment barring the enforcement of a Collierville zoning ordinance on the basis that the city had enacted and applied the ordinance in an arbitrary manner. The complaint also requested monetary damages from the municipality and from several town officials for interference with Bartholomew's business relationships. Collierville filed a motion in January of 2001 to dismiss the complaint, but included numerous affirmative defenses in its motion. Bartholomew responded by amending his complaint to assert that the enactment of the ordinace constituted a "taking" in violation of the Tennessee and United States Constitutions. This first amended complaint was filed in January of 2001 without leave of court. The success of Collierville's future Petition for Removal turned on whether Bartholomew was required to obtain leave of the Chancery Court before filing his amendment.

The case was transferred to the Tennessee Circuit Court in July of 2001. In November of 2002, the Circuit Court dismissed the two counts of Bartholomew's complaint that sought tort damages against the individual defendants.

Bartholomew then filed a motion to further amend his complaint in February of 2003. This motion sought to add claims under 42 U.S.C. § 1983 against the individual defendants named in the counts that the Circuit Court had dismissed in November of 2002. In June of 2003, the Circuit Court granted the motion, and Bartholomew's second amended complaint was filed on July 16, 2003.

## B.    Petition for Removal

Within 30 days from its receipt of the second amended complaint, Collierville petitioned to remove the case to federal court and, shortly thereafter, Bartholomew filed a motion to remand. The district court held that the Petition for Removal to federal court was untimely because the 30-day time limit for such a petition began to run from the service of Bartholomew's first amended complaint in January of 2001. For that reason, it granted Bartholomew's motion to remand the case to the Tennessee Circuit Court.

## C.    Attorney fees and expenses

After the case was remanded, Bartholomew moved under 28 U.S.C. § 1447(c) for an award of attorney fees and expenses incurred in opposing Collierville's unsuccessful attempt to remove the case. The district court, however, held that Collierville's attempted removal of the case "was fairly supportable" because

> [Collierville] argued that [Bartholomew] should not have filed an amended complaint three years ago without leave of the state court because [Collierville] had already filed a responsive pleading. That 'pleading' was in fact labeled a motion to dismiss by [Collierville]. [Collierville] provided citations to Tennessee case law that, while inapposite to the instant case, did indicate that, in other situations, Tennessee courts have been willing to view a document labeled a motion to dismiss as a pleading. Thus, [Collierville's] argument was not wholly lacking in merit.

The district court therefore denied Bartholomew's motion for attorney fees and expenses. This timely appeal followed.

## II. ANALYSIS

### A.    Standard of review

#### 1.    *Abuse-of-discretion standard*

This court's rule that "the award of attorney fees for trial work is within the sound discretion of the district court," *Wrenn v. Gould*, 808 F.2d 493, 504 (6th Cir. 1987), also applies to motions for attorney fees under 28 U.S.C. § 1447(c). *See Ahearn v. Charter Township of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998) (unpublished) ("We review for abuse of discretion a district court's decision on whether to award attorney fees under 28 U.S.C. § 1447(c)."); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) ("The district court's discretion under § 1447(c) was significantly expanded when the section was amended in 1988.").

An abuse of discretion occurs where "[a] district court . . . relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985) (citation omitted). "[A] reviewing court cannot overturn a district court solely because it would have made a different decision under the circumstances." *CSX Transp., Inc. v. Tenn. State Bd. of Equalization*, 964 F.2d 548, 556 (6th Cir. 1992).

#### 2.    *Bartholomew's "presumption" argument*

Bartholomew directs our attention to the case of *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000), where the Seventh Circuit held that the prevailing party in a § 1447(c) proceeding is presumptively entitled to attorney fees. Although this appears to be good law in the Seventh Circuit, no Sixth Circuit opinion has read such a presumption into § 1447(c), nor do we. As noted in *Morris*, the Sixth Circuit has read the 1988 change from a punitive to a fee-shifting statute to "significantly expand[]" the discretion of the district courts, not to narrow it. *Morris*, 985 F.2d at 240.

### B.    Denial of the motion for attorney fees and expenses

The present version of 28 U.S.C. § 1447(c) provides that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . . .

Before the 1988 amendment, § 1447(c) used the following, more restrictive language: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." Pub.L. 88-352, Title IX § 901, 78 Stat. 266 (current version at 28 U.S.C. § 1447(c)). The present version of § 1447(c) thus allows the district court to award, or to deny, fees in a broader range of circumstances than the pre-1988 statute. *Morris*, 985 F.2d at 240.

As this court noted in *Ahearn*, most § 1447(c) attorney-fee cases involve decisions by the district court to award fees, rather than to deny them. 1998 WL 384558, at *2. Those cases, however, "focus on the objective 'propriety' of the removal attempt and set forth the following standard: an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of

fault with the defendant's decision to remove." *Id.* (citations omitted) (emphasis in original). When the district court denies attorney fees, it "abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *Id.*

### 1. Federal question jurisdiction

The propriety of removal in nondiversity cases "turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts: 'The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983) (quoting 28 U.S.C. § 1331 (conferring federal question jurisdiction)). Neither party disputes that the present civil action under 42 U.S.C. § 1983 "aris[es] under the . . . Constitution [and] laws . . . of the United States."

### 2. Timeliness issue

#### a. Timeliness and the Tennessee definition of a responsive pleading

Bartholomew's original complaint was based solely on state-law claims, and was thus not removable. It became removable under the following standard set forth in 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Whether an amended pleading filed in a Tennessee state-court proceeding will be recognized as valid is a question of state law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), and is addressed by the following language contained in Rule 15.01 of the Tennessee Rules of Civil Procedure: "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court . . . ."

If Collierville's motion to dismiss, which listed 25 affirmative defenses, had been deemed a responsive pleading under Tennessee law, then Bartholomew would have had no right to file his January 2001 amendment without leave of court. This would have meant that the January 2001 amendment was ineffective. *See Pierce v. Corr. Corp. of Am.*, W2001-00595-COA-R3-CV, 2001 WL 1683792, at *1 (Tenn. Ct. App. Dec. 20, 2001) (unpublished) (refusing to consider an amendment filed without leave of court). Collierville's petition for removal would thus have been timely, because it was filed less than thirty days after Collierville received Bartholomew's court-authorized second amended complaint in July of 2003. If, on the other hand, the district court was correct in finding that the motion to dismiss was not a "responsive pleading" under Tennessee law, then Collierville's petition was untimely.

#### b. Whether Collierville's position was fairly supportable under Tennessee law

Although neither party disputes that Collierville has cited a number of Tennessee cases construing Rule 15.01, Bartholomew argues that the Tennessee Supreme Court's decision in *Adams v. Carter County Memorial Hospital*, 548 S.W.2d 307, 309 (Tenn. 1977), is so obviously dispositive that Collierville's Petition for Removal was not fairly supportable. The *Adams* court reversed the trial court's refusal to recognize the effectiveness of the plaintiff's amendment after the defendants had filed a motion to dismiss, holding that "the plaintiff clearly had the right to amend without leave

of court since no responsive pleading to the complaint had been served. A motion is not such a responsive pleading." *Id.*

Collierville, however, points out that the document it filed with the state court was not a simple motion to dismiss, because the document listed numerous affirmative defenses. The defendants thus asked that the district court "give effect to the substance of the document they entitled a motion to dismiss, rather than to the form and terminology of the document." Although the district court was not ultimately persuaded, Collierville cited several Tennessee cases to support its position, including a Tennessee Supreme Court case decided after *Adams* that acknowledges the possibility that a motion to dismiss, combined with an answer, may be deemed a responsive pleading. *See Hale v. Commercial Union of Assurance Cos.*, 637 S.W.2d 865, 866 (Tenn. 1982) ("Defendant's responsive pleading was a combined motion to dismiss and answer.")

This case, and others cited by Collierville, have construed a motion to dismiss, under certain circumstances, as a responsive pleading. *See Hale*, 637 S.W.2d at 866; *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977) (construing a "Motion to Dismiss on Plea of Res Adjudicata [sic]" as "an answer presenting the affirmative defense of res judicata and a motion for summary judgment for defendant").

Based on the above cases, Collierville's responsive-pleading argument was not "devoid of even fair support." *Ahearn v. Charter Township of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998) (unpublished). We therefore hold that the district court did not abuse its discretion in denying Bartholomew's motion for attorney fees and expenses.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.