**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0469n.06**
**Filed:  July 5, 2006**

**No. 05-5795**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SAEID SHAFIZADEH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BELLSOUTH MOBILITY, LLC, d/b/a | ) | WESTERN DISTRICT OF KENTUCKY |
| CINGULAR WIRELESS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  BOGGS, Chief Judge; KEITH and SUTTON, Circuit Judges.

PER CURIAM.  In this appeal, Saeid Shafizadeh primarily argues that the district court erred in denying his request for attorney fees under 28 U.S.C. § 1447(c).  We affirm.

I.

BellSouth Mobility provided Shafizadeh with mobile-telephone service during the summer of 2003.  When Shafizadeh paid his June 2003 invoice, BellSouth applied the payment to a different customer's account, prompting the telephone company to place Shafizadeh's account into past-due status.  Understandably upset, Shafizadeh contacted the company on a number of occasions to inform it that he had paid the June invoice.  Over the course of this billing dispute, BellSouth suspended Shafizadeh's account for a total of 80 days.

In November 2004, Shafizadeh, an attorney, filed a lawsuit in Kentucky state court seeking (1) "general, presumed and compensatory damages," (2) "direct, incidental and consequential damages," (3) "attorneys' fees and costs," (4) "punitive damages," and (5) an injunction barring BellSouth from "using, disclosing, sharing and disseminating" his "private information[,] including his social security number," and compelling BellSouth to "redact [his] private information from its record[s]."  JA 27–28.

Shafizadeh's complaint (in truth, his amended complaint) referred to federal law in the following manner:

> 32. On information and belief, [BellSouth] has entered plaintiff's private information including his social security number in its computer system that is accessible by, and has shared the same with a large number of [BellSouth] employees and other firms, the computer system is susceptible to hacking from any remote computer terminal.
>
> 33. Pursuant to provisions of . . . Title 42 United States Code (U.S.C.) § 405(c)(2)(C)(viii)(I), social security account numbers and related records that are obtained and maintained, shall be confidential and shall not be disclosed.  The policy leading to the enactment of the statute was articulated in *Amy Boyer's Law* . . . [and] it was the Congress' findings that the inappropriate display, sale or use of social security number[s] is a significant factor in a growing range of illegal activities . . . .
>
> 34. On information and belief, the simultaneous disclosure of plaintiff's name and private information including social security number has exposed plaintiff to a heightened risk of identity theft and other forms of fraud.

JA 23.

On December 7, 2004, BellSouth removed the case to federal court on diversity and federal-

question grounds.

On January 5, 2005, Shafizadeh asked the federal court to remand the case to state court. In the memorandum supporting his remand request, Shafizadeh clarified that his complaint did not invoke a cause of action under 42 U.S.C. § 405(c) but merely referenced the provision to demonstrate "the concerns that Congress has expressed for inappropriate display, sale or use of social security number[s]." JA 271. He also clarified that his complaint alleged only "common law and state law claims against BellSouth." *Id.* He later stipulated that the amount in controversy did not exceed $75,000. The district court remanded the case to state court, noting that BellSouth "has not carried its burden of establishing that this action meets the amount-in-controversy requirements of 28 U.S.C. § 1332." JA 334.

In addition to asking the court to remand the case, Shafizadeh asked the court to award him the attorney fees he had incurred in responding to the removal. *See* 28 U.S.C. § 1447(c). The court denied Shafizadeh's fee request because he had "presented no argument persuading th[e] court to exercise its discretion to impose fees and costs." JA 386.

## II.

After a case has been removed, § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to grant attorney

fees, courts "focus on the objective propriety of the removal attempt." *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 687 (6th Cir. 2005) (internal quotation marks omitted). An award of fees under § 1447(c) thus "is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least some finding of fault with the defendant's decision to remove." *Bartholomew*, 409 F.3d at 687 (internal quotation marks omitted and emphasis removed). To the same effect, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005).

Because the decision to award fees under § 1447(c) lies "within the sound discretion of the district court," *Bartholomew*, 409 F.3d at 686 (internal quotation marks omitted); *see also Martin*, 126 S. Ct. at 708–09, we review the district court's attorney-fee decision for an abuse of discretion, *Bartholomew*, 409 F.3d at 686. A district court "abuses its discretion . . . where the defendant's argument[s] for removal [were] devoid of even fair support." *Id.* at 687 (internal quotation marks omitted).

The district court did not abuse its discretion here. It is well-covered ground that a state-court defendant may remove a "civil action" to federal court if the plaintiff "original[ly]" could have filed the action in federal court. 28 U.S.C. § 1441(a). And a claimant may file a complaint in federal court when it presents a "federal question," *see id.* § 1331, or involves diverse parties and satisfies the amount-in-controversy requirement, *see id.* § 1332.

- 4 -

BellSouth had a good-faith basis for concluding that Shafizadeh's complaint implicated the court's federal-question and diversity jurisdiction. As to federal-question jurisdiction, the complaint said that "[p]ursuant to provisions of [ ] Title 42 United States Code (U.S.C.) § 405(c)(2)(C)(viii)(I), social security account numbers and related records that are obtained and maintained, *shall* be confidential and *shall* not be disclosed." JA 23 (emphasis added). The complaint proceeded to allege that "the simultaneous disclosure of [Shafizadeh's] name and private information including social security number has exposed [him] to a heightened risk of identity theft and other forms of fraud." *Id.* The complaint's reference to § 405, its use of the mandatory term "shall" and the implication that BellSouth had violated § 405—otherwise, why invoke it in the complaint?—all provided good-faith support for BellSouth's decision to remove the case on federal-question grounds.

Shafizadeh responds that BellSouth knew that § 405 could not provide the basis for a viable claim against it based on the defenses to such a claim that BellSouth included in its answer. That Shafizadeh asserted a weak claim (or even a fatally flawed claim) under § 405, however, does not prove that BellSouth improperly removed the claim. *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) ("That a complaint ultimately fails to state a claim upon which relief can be granted is of no relevance to the question of subject matter jurisdiction.").

Shafizadeh next argues that because he did not exhaust his administrative remedies, "there was no basis for the district court to exercise jurisdiction" over an alleged violation of § 405. Shafizadeh Br. at 19. This argument again goes to whether the § 405 claim was a strong one, not

to whether BellSouth could rely on it in good faith to remove the action. That the removal was later deemed inappropriate (whether due to Shafizadeh's admissions and stipulations or to some other factor) does not show that the district court abused its discretion in denying fees and costs. *See Martin*, 126 S. Ct. at 709–11 (holding that attorney fees under § 1447(c) are not awarded automatically when a case is remanded because removal was improper); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.").

In addition to having reasonable grounds for treating the complaint as presenting a well-pleaded federal question, BellSouth had reasonable grounds for concluding that the complaint implicated the court's diversity jurisdiction. Shafizadeh concedes that the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). And BellSouth had ample grounds for construing the complaint to satisfy the $75,000 amount-in-controversy requirement. *See id*. § 1332(a). At the time of removal, Shafizadeh's complaint sought not only "general, presumed and compensatory damages," JA 27, but also "punitive damages against [BellSouth] in such amounts as . . . necessary to deter and punish [BellSouth] and to ensure that it would not engage in such conduct in the future," *id*. at 28. Not until after removal did Shafizadeh stipulate that he sought less than $75,000. The request for punitive and compensatory damages plainly made it "objectively reasonable" for BellSouth to remove the case.

At oral argument, Shafizadeh attempted to rebut this conclusion by arguing that BellSouth knew he was seeking less than $75,000 because settlement discussions pre-dating the removal allegedly concerned an amount that was well below this figure. The proposed settlement, however, was just that—a proposed settlement. That the settlement was never consummated and that settlement discussions at any rate are meant to be confidential suffice to defeat this argument.

On appeal, Shafizadeh separately argues that the district court erred in declining to remove all references to his personal information from the district court record, including information that the local court rules did not require the judge to remove. We need not address this argument because the parties have agreed to approach the district court to resolve Shafizadeh's concern after this appeal. *See* BellSouth Br. at 21 (noting that it has no objection to removing the requested information from the court records); JA 363 (proposed order) (stating that Shafizadeh's "partially displayed date of birth and Social Security number" should be fully redacted from various documents in the record).

### III.

For these reasons, we affirm the judgment of the district court, though this affirmance is without prejudice to the parties requesting that the court replace the documents in the record containing Shafizadeh's personal information with fully redacted versions of those documents.