*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0465p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CHASE MANHATTAN MORTGAGE CORPORATION,
                    *Plaintiff-Appellee,*

*v.*

No. 06-4656

DEMETRIOUS YADIRF SMITH; AMY K. SMITH,
                    *Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 06-00038—Susan J. Dlott, District Judge.

Argued: October 25, 2007

Decided and Filed: November 14, 2007[*]

Before: MERRITT, ROGERS, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Rose Ann Fleming, ROSE ANN FLEMING, PROFESSIONAL CORPORATION, Cincinnati, Ohio, for Appellants. Vladimir P. Belo, BRICKER & ECKLER, Columbus, Ohio, for Appellee. **ON BRIEF:** Rose Ann Fleming, ROSE ANN FLEMING, PROFESSIONAL CORPORATION, Cincinnati, Ohio, for Appellants. Vladimir P. Belo, Nelson Marlin Reid, BRICKER & ECKLER, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge. After defendants removed a state court foreclosure action to federal district court, plaintiff filed a motion to remand. The district court granted the motion and, pursuant to its discretion under 28 U.S.C. § 1447(c), awarded plaintiff attorney fees and costs incurred as a result of the removal. On appeal, defendants argue that the district court abused its discretion to award fees and costs to plaintiff. Because defendants' removal action lacked an objectively reasonable basis, we affirm.

---

[*]This decision was originally issued as an "unpublished decision" filed on November 14, 2007. The court has now designated the opinion as one recommended for full-text publication.

## I.

On January 29, 2003, Defendant Demetrious Smith purchased residential property located at 5555 Ehrling Road in Cincinnati, Ohio. Smith financed the purchase by executing an adjustable rate note in the amount of $85,400 with Aegis Funding Corporation ("Aegis"). Aegis later assigned its rights under the note to Plaintiff Chase Manhattan Mortgage Corporation ("Chase"). To secure repayment of the note, Smith and his wife, Defendant Amy Smith, mortgaged the property to Mortgage Electronic Registration Systems, Inc. ("MERS"). On October 20, 2004, Chase and MERS filed a foreclosure action against the Smiths in the Court of Common Pleas in Hamilton County, Ohio.[1] The state court complaint contained two counts that alleged default on the note and prayed for foreclosure on the Ehrling Road property. Attached to the complaint was a notice that apprised the Smiths of certain rights under federal law.

The Smiths first attempted to remove Chase's and MERS's foreclosure action to federal court on December 5, 2005.[2] Acting *pro se*, the Smiths filed in district court a motion to proceed *in forma pauperis*, along with a notice of removal.[3] Because the Smiths were represented by licensed counsel in state court, the district court denied the Smiths' *pro se* motion and notice without prejudice to reconsideration. After counsel for the Smiths entered a notice of appearance, the Smiths filed a Motion for Reconsideration. The district court granted the motion, entering a notice of removal on January 24, 2006. The district court also granted the Smiths' request to proceed *in forma pauperis*.

In their *pro se* notice of removal, the Smiths asserted both diversity of citizenship and federal question jurisdiction as grounds for removal under 28 U.S.C. § 1441. The Smiths claimed that they had been denied due process under the Fifth and Fourteenth Amendments and that Chase and MERS had violated, among other things, the Fair Housing Act, the Equal Credit Opportunity Act, the Truth in Lending Act, and RICO. The Smiths also asked the district court to consider the "exception" to the well-pleaded complaint rule that "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would have appeared if the complaint had been well pleaded." In their subsequent Motion for Reconsideration, the Smiths did not amend or supplement the grounds for removal stated in their *pro se* notice.

On February 21, 2006, Chase and MERS filed a Motion for Remand and the Award of Attorneys' Fees and Costs, arguing that the Smiths' removal was improper and frivolous. The district court referred the matter to a magistrate judge, who subsequently issued a report recommending that the case be remanded to state court and that attorney fees and costs be awarded pursuant to 28 U.S.C. § 1447(c). The magistrate determined that the district court had neither diversity nor federal question jurisdiction over the matter and concluded that the Smiths' removal action was "devoid of even fair support." Thereafter, the district court adopted the magistrate's recommendation. The district court remanded the case to state court and ordered Chase and MERS to submit an itemized statement of costs and fees incurred as a result of the removal. Chase and MERS submitted a statement cataloguing attorney fees and costs in the amount of $6,513.16, and

---

[1] Prior to Chase's and MERS's filing of the foreclosure action, the Smiths had filed for bankruptcy under Chapter 13. On August 30, 2004, MERS moved for relief from the automatic stay in place as a result of the bankruptcy proceeding. After the Smiths failed to respond to MERS's motion, the bankruptcy court granted relief from the stay, allowing Chase and MERS to file the foreclosure action in state court.

[2] Chase and MERS argued below that the Smiths' removal action was untimely. The district court did not address the timeliness of the removal and we decline to do so on appeal.

[3] The Smiths originally attempted to remove four cases to federal court. The instant appeal involves only the foreclosure action initiated by Chase and MERS.

the magistrate determined that amount to be reasonable.  On November 15, 2006, the district court issued a second order awarding $6,513.16 in fees and costs to Chase and MERS.

## II.

Because nothing in the record indicates that the Smiths had an objectively reasonable basis to believe that Chase's and MERS's state court action could properly be removed to federal court, we affirm.  The Smiths asserted both diversity of citizenship and federal question jurisdiction as bases for removal under 28 U.S.C. § 1441.  There was no objectively reasonable basis to conclude that diversity jurisdiction was appropriate because the Smiths were citizens of the state where the state court action was filed.  Similarly, Chase's and MERS's foreclosure action relied exclusively upon state law and could not reasonably be construed as supporting federal question jurisdiction.

Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction.  And, as part of the remand order, the district court "may require payment of just costs and any actual expenses, including attorney fees." 28 U.S.C. § 1447(c) (2000).  This court has held that "an award of costs [under § 1447(c)], including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005) (quoting *Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998)).  More recently, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court settled a circuit split and clarified the standard for a fee award under § 1447(c).  The *Martin* Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Applying the standard set forth in *Martin*, we hold that the district court did not abuse its discretion to award fees under § 1447(c).  It is well established that removal of a state court action under § 1441 is proper only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Neither diversity nor federal question jurisdiction served as a proper basis for removal of Chase's and MERS's state foreclosure action and the Smiths had no objectively reasonable basis from which to conclude otherwise.

As a preliminary matter, the Smiths were citizens of Ohio and thus barred from invoking removal jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1441(b) (2000) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  The Smiths do not argue on appeal that removal on the basis of diversity was objectively reasonable and, in light of § 1441(b)'s explicit bar, there was no objectively reasonable basis from which the Smiths could have concluded that diversity jurisdiction was proper.

Moreover, nothing in the record indicates that the Smiths had an objectively reasonable basis from which to conclude that federal question jurisdiction supported removal.  Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  It is undisputed here that the foreclosure action relied exclusively upon state law.  Federal law did not create the cause of action, *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986), nor did Chase's and MERS's state law claims require the resolution of an "actually disputed and substantial" federal issue. *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Accordingly, there was no objectively reasonable basis from which the Smiths could have concluded that federal question jurisdiction was proper.

The Smiths provide three principal arguments in support of their contention that removal on the basis of federal question jurisdiction was objectively reasonable. First, in their notice of removal, the Smiths suggested that Chase and MERS artfully pled the state complaint to avoid federal jurisdiction. *See, e.g.*, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). The Smiths do not adequately develop this argument on appeal and, in any event, we find no support in the record for the contention that Chase and MERS artfully pled the foreclosure action. Second, the Smiths contend that removal was objectively reasonable based on their belief that Chase and MERS had violated federal law. This argument is without merit. At most, the Smiths may have been aware that certain federal counterclaims or defenses were available to them. Because it is well settled that federal counterclaims and defenses are "inadequate to confer federal jurisdiction," this fails to establish an objectively reasonable basis for removal. *See Merrell Dow*, 478 U.S. at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Third, the Smiths argue that the notice attached to the state complaint provided an objectively reasonable basis for removal. This argument is also not persuasive. The notice stated in relevant part: "If your name appears in numbered paragraph 1 below, you have additional rights under federal law to request information . . . within thirty (30) days" and "[t]he federal Fair Debt Collection Practices Act requires that [opposing counsel] provide you with the following information." These provisions were clearly marked as separate from the complaint itself, and the language employed simply notifies the Smiths of their right to information under federal law. The notice therefore cannot reasonably be construed as invoking a federally created cause of action or as raising an "actually disputed and substantial" federal issue. *See Merrell Dow*, 478 U.S. at 808; *Grable*, 545 U.S. at 314.

In short, there was no objectively reasonable basis for the Smiths' removal action. The district court therefore did not abuse its discretion by awarding fees and costs under § 1447(c).[4]

### III.

In their brief, the Smiths set forth a number of additional arguments against the fee award. These arguments are unrelated to the objective reasonableness inquiry, but we briefly address them here. First, the Smiths argue that, because the district court allowed them to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), it should have dismissed their case as frivolous at the outset under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B)(i) requires a court to dismiss any *in forma pauperis* action that it determines to be frivolous. The Smiths argue that, had the district court complied with that provision, the attorney fees and costs incurred by Chase and MERS would have been avoided. A district court, however, is obligated under § 1915(e)(2) to dismiss an *in forma pauperis* action only "*if* the [district] court determines that" the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). Here, the district court referred the motion to remand to the magistrate judge for that precise determination. Chase's and MERS's fees and costs accumulated as a result of that determination. The district court was thus under no obligation to dismiss the case at the outset.

---

[4] The Smiths also contend that they first ascertained a right to removal from a memorandum filed in state court by Chase and MERS on November 28, 2005, which "alerted the [Smiths] for the first time to the need to seek their rights under federal law." To the extent that this argument can be reconciled with the Smiths' contention that removal was proper based on the face of the complaint, it fails for the same reason. That the memorandum may have alerted the Smiths to certain federal rights does not provide the Smiths an objectively reasonable basis for removal.

Second, the Smiths argue that 28 U.S.C. § 1915(f) limits an assessment against *in forma pauperis* litigants to "costs" and that the assessment of "fees" against them was therefore improper. This argument is unpersuasive because the district court here imposed costs and fees pursuant to its authority under § 1447(c), which explicitly authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2000).

Third, the Smiths argue that the district court abused its discretion to award attorney fees under *Bartholomew v. Town of Collierville*, 409 F.3d 684 (6th Cir. 2005). The Smiths read *Bartholomew* to require that the district court review the record below in determining whether to assess attorney fees, and argue that, in this case, the district court's review of the record "was necessarily sparse." The Smiths argue further that the district court failed to follow the discretionary procedures set forth in 28 U.S.C. § 1447(a)-(b) because the court did not request certain information from the state court and did not join the bankruptcy trustee as a party. These arguments are unavailing. As the party seeking removal, the Smiths had the burden of demonstrating that the district court had jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). The Smiths were also responsible, under 28 U.S.C. § 1446(a), for filing with the notice of removal "a copy of all process, pleadings, and orders" served upon them in the state court. There is no indication in the record that the Smiths were precluded from providing the district court with any information they thought relevant to the removal determination or that the district court refused to consider any information provided.

Lastly, the Smiths argue that, as Chapter 13 bankruptcy debtors, the Smiths qualified under 28 U.S.C. § 1452(a) to remove any civil cause of action to the district court. The Smiths' notice of removal, however, listed only diversity and federal question jurisdiction as grounds for removal and listed only 28 U.S.C. § 1441 as the pertinent removal statute. The Smiths did not invoke § 1452 as a basis for removal in district court and never raised § 1452 in the proceedings below. As a consequence, we decline to address the Smiths' § 1452 argument on appeal. *See J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991) ("Issues not presented to the district court but raised for the first time on appeal are not properly before the court.").

## IV.

For the foregoing reasons, the judgment of the district court is affirmed.