**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0777n.06
Filed: December 22, 2008

**No. 07-4505**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TAYLOR CHEVROLET INC, aka Taylor Team of Dealerships, dba Taylor Dealerships, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| Plaintiff-Appellee, | ) ) | SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| MEDICAL MUTUAL SERVICES LLC, | ) | **O P I N I O N** |
| Defendant-Appellant. | ) ) | |

**BEFORE:** **ROGERS, SUTTON, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Plaintiff Taylor Chevrolet, Inc. ("Taylor") sued Defendant

Medical Mutual Services LLC ("Medical Mutual") in Ohio state court, alleging breach of contract,

breach of fiduciary duty, and other state law claims. Medical Mutual removed the suit to federal

district court, contending that Taylor's claims were completely preempted by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. The district court

granted Taylor's motion to remand to state court, as well as Taylor's subsequent request, pursuant

to 28 U.S.C. § 1447(c), for attorneys' fees and costs incurred as a result of the removal. On appeal,

Medical Mutual challenges the award of attorneys' fees and costs to Taylor. Because the district

court did not abuse its discretion in this matter, we **AFFIRM**.

**I**

In March 2003, Taylor created a self-funded health benefit plan (the "Plan") for the purpose of providing medical benefits to its eligible employees and their dependents. The parties do not dispute that the Plan was an employee welfare benefit plan established and maintained in accordance with ERISA.

From March 2003 to 2005, Taylor and Medical Mutual entered into a series of administrative services agreements. Under the terms of these agreements, Taylor was obligated to establish the Plan, prepare a governing Plan document, and prepare and distribute a summary Plan description. Taylor was also financially liable for claims incurred by the Plan's participants and beneficiaries, or, as the Plan defined them, "Covered Persons." Medical Mutual was to act as third-party administrator of the Plan. Among other things, Medical Mutual was required to receive and process claims for benefits and to disburse payments under the Plan. Upon payment of a claim, Medical Mutual would send Taylor a weekly invoice of the amounts expended. The agreements required Taylor to pay the invoiced amounts on the next business day following the date of the invoice.

Taylor was also party to an excess loss reinsurance contract with American National Insurance Company ("American National") to protect itself from catastrophic financial loss. Although Taylor was still required to reimburse Medical Mutual for the entire amount of approved medical claims, Taylor was entitled to reimbursement from American National for any claims Taylor paid on behalf of a single Covered Person in excess of $50,000. To ensure that Taylor was reimbursed under its contract with American National, Taylor claims Medical Mutual was required to timely notify American National of any excess amount.

On December 12, 2006, Taylor sued Medical Mutual in the Court of Common Pleas of Fairfield County, Ohio, alleging breach of contract, breach of fiduciary duty, negligence, unjust enrichment, fraud, and bad faith under Ohio law. Taylor's claims were based on two factual allegations. First, Taylor contended that Medical Mutual breached its duty to timely notify American National that Taylor had incurred costs of claims in excess of the $50,000 individual excess amount for at least four Covered Persons. Due to this alleged failure to notify, Taylor claimed American National had refused to pay Taylor $40,347.70 in reimbursement benefits that would have been covered by the reinsurance contract. Second, Taylor claimed that it had inadvertently made a double payment on a $50,031.13 invoice from Medical Mutual. Medical Mutual apparently applied the initial payment to the amount due and retained the second (double) payment in an account. It used the funds from this account to pay claims that became due under Taylor's former self-insured plan.[1] Taylor claimed that Medical Mutual breached its duty to inform Taylor of this overpayment for approximately one year, and accordingly owed Taylor $2,587.91 in interest.

On January 25, 2007, Medical Mutual removed the case to the United States District Court for the Southern District of Ohio. As the basis for removal, Medical Mutual claimed that the federal district court had subject matter jurisdiction under 28 U.S.C. § 1331 because ERISA completely preempted Taylor's state law claims. Taylor filed a motion to remand the case to state court, which the district court granted. The district court reasoned that ERISA did not completely preempt

---

[1]Effective March 1, 2005, Medical Mutual began providing a fully-insured health benefit plan to Taylor and its eligible employees and their eligible dependents.

Taylor's state law claims, because Taylor would have lacked standing to sue under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a).

After its motion to remand was granted, Taylor filed a motion seeking attorneys' fees and costs under 28 U.S.C. § 1447(c). The district court granted that motion as well, concluding that Medical Mutual had no objectively reasonable basis for removal. The parties stipulated to the amount of attorneys' fees Taylor had incurred, and the district court entered a final order awarding the fees. Medical Mutual timely appealed.

## II

Generally, a defendant may remove a civil case commenced in state court to federal district court if the case could have been brought there originally. 28 U.S.C. §1441(a). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Although "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), we have jurisdiction to review a district court's decision whether to award attorneys' fees incurred as a result of improper removal under § 1447(c), *Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 255 (6th Cir. 1997).

We review a district court's decision to award attorneys' fees under § 1447(c) for abuse of discretion. *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005). A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Id.*

The Supreme Court recently clarified the legal standard governing a district court's discretion in granting attorneys' fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *see also Bartholomew*, 409 F.3d at 687 ("[A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove.").

**III**

Applying the standard set forth in *Martin*, we hold that the district court did not abuse its discretion in awarding attorneys' fees to Taylor under § 1447(c). A defendant may remove a state court action under §1441(a) only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although a civil action "arising under the Constitution, laws, or treaties of the United States" may be brought originally in federal court, 28 U.S.C. § 1331, Medical Mutual lacked an objectively reasonable basis for believing that Taylor's entirely state law complaint raised a federal question.[2]

**A. Federal Question Jurisdiction and ERISA Complete Preemption**

---

[2]The parties do not dispute that diversity of citizenship under 28 U.S.C. § 1332 would not have been an objectively reasonable basis for removal, as both Taylor and Medical Mutual are citizens of Ohio for diversity jurisdiction purposes.

Generally, a cause of action arises under federal law only when it appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject matter jurisdiction, and the action is not removable." *Gentek*, 491 F.3d at 325. A claim in which a federal question arises only as a defense to a state law action does not "arise under" federal law. *See Franchise Tax Bd.*, 463 U.S. at 10-11. Accordingly, because a defendant must ordinarily raise federal conflict preemption as a defense to the allegations in a plaintiff's complaint, it usually cannot serve as a basis for removal to federal court. *Caterpillar*, 482 U.S. at 392-93 (1987); *Metro. Life*, 481 U.S. at 63.

The Supreme Court has developed two limited exceptions to the well-pleaded complaint rule: the complete preemption doctrine and the substantial federal question doctrine.[3] Complete preemption arises where Congress has so completely preempted a particular area "that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life*, 481 U.S. at 63-64. In such cases, the plaintiff has essentially "brought a mislabeled federal claim." *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003). The state law claims are converted into federal claims and, as such, may be removed to federal court. *Gentek*, 491 F.3d at 325.

---

[3]The substantial federal question doctrine applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9; *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc). Medical Mutual did not assert the substantial federal question doctrine as a basis for removal, and does not argue on appeal that it applies.

ERISA is one of the few statutes where both conflict and complete preemption may arise.[4]

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee

benefit plan."[5]  29 U.S.C. § 1144(a).  But, as discussed above, the mere fact that a party may raise

ERISA conflict preemption under § 1144(a) as a defense does not confer federal jurisdiction or

authorize removal to federal court.  *Warner v. Ford Motor Co.*, 46 F.3d 531, 534-35 (6th Cir. 1995)

(en banc) (noting that no removal jurisdiction exists under § 1144).  A state law claim is not

completely preempted or removable unless it falls within the scope of ERISA's civil enforcement

provision—29 U.S.C. § 1132(a).  *See Metro. Life*, 481 U.S. at 67 (holding that ERISA completely

preempted a state cause of action within the scope of § 1132(a)(1)(B)); *Aetna Health Inc. v. Davila*,

542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable);

*Thurman v. Pfizer, Inc.*, 484 F.3d 855, 860 (6th Cir. 2007) ("Actions that could have been brought

under § 1132 . . . are completely preempted by [ERISA].");  *Smith v. Provident Bank*, 170 F.3d 609,

613 (6th Cir. 1999) (holding that "[a] claim for breach of fiduciary duty against the fiduciary of an

ERISA plan" under § 1132(a)(2) may be removed to federal court); *see also Sonoco Prods. Co. v.*

*Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003); *Toumajian v. Frailey*, 135 F.3d

---

[4]In addition to ERISA, the Supreme Court has found that only two other statutes completely preempt state law:  section 301 of the Labor Management Relations Act of 1947, *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 560 (1968), and sections 85 and 86 of the National Bank Act, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003).

[5]The Supreme Court recently narrowed the preemptive scope of the "relate to" language of § 1144(a) in *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 655, 668 (1995).

648, 654 (9th Cir. 1998); *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995).

## B. Reasonableness of Removal on the Basis of Complete Preemption

To have an objectively reasonable basis for removal to federal court, Medical Mutual must have reasonably concluded that Taylor's claims fell within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). Such a conclusion obviously could not have been based upon any explicit reference to ERISA—on its face, Taylor's complaint referred only to violations of state law. Instead, Medical Mutual's argument centers on Taylor's state law cause of action for breach of fiduciary duty, in which Taylor alleged the following:

> Given the relationship between the parties in this matter, Defendant Medical Mutual owed Plaintiff Taylor certain fiduciary duties arising under state law. The acts and omissions of the Defendant constitute breach of those fiduciary duties for which Defendant has liability. As a direct and proximate result of the breach of fiduciary duties, Defendant [sic] has been damaged, as set forth above.

Compl. ¶ 13, J.A. at 15. Medical Mutual argues that this state law fiduciary duty claim arose under § 1132(a)(2), the subsection of ERISA's civil enforcement provision that authorizes "the Secretary" or "a participant, beneficiary or fiduciary" to sue another fiduciary for breach of fiduciary duty.[6]

Medical Mutual first argues that any claim by Taylor for breach of fiduciary duty must have arisen under § 1132(a)(2) because a fiduciary duty claim brought under state law would have been meritless. Because Medical Mutual had no fiduciary relationship with Taylor under Ohio law, it

---

[6]Section 1132(a)(2) incorporates §1109(a), which provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ."

argues, it was reasonable in assuming that Taylor's complaint asserted a fiduciary duty claim under ERISA. But the supposed absence of such a cause of action under state law (a matter on which we express no opinion), standing alone, was not enough to provide a reasonable basis for assuming that the complaint stated a cause of action under ERISA. Medical Mutual needed an affirmative basis for such a conclusion.

Ultimately, Medical Mutual lacked an objectively reasonable basis for believing that Taylor's cause of action fell within the scope of § 1132(a)(2) and was therefore completely preempted by ERISA. As stated above, §1132(a)(2) authorizes "the Secretary" or a "participant, beneficiary or fiduciary" to sue another fiduciary for breach of fiduciary duty. The parties do not dispute that Taylor, as employer and Plan sponsor, could not have reasonably been characterized as a "participant" or "beneficiary" within the meaning of ERISA.[7] *See COB Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 n.5 (6th Cir. 2004); *Sonoco*, 338 F.3d at 372 n.8 (noting that "an employer can neither be a participant nor a beneficiary"). And clearly, Taylor did not bring its claim as the Secretary of Labor. Thus, the only capacity in which Taylor could have had standing to sue was in its capacity as a "fiduciary" of the Plan.

A person is a fiduciary with respect to an ERISA plan to the extent that "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any

---

[7]A "participant" is "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "[O]nly discretionary acts of plan management or administration, or those acts designed to carry out the very purposes of the plan," are acts of a fiduciary capacity. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 718 (6th Cir. 2000); *see also* 29 U.S.C. § 1002(21)(A). Moreover, a party's status as a fiduciary "is not an all or nothing concept"; a court must ask whether an entity is a fiduciary "with respect to the particular activity in question." *Briscoe v. Fine*, 444 F.3d 478, 486 (6th Cir. 2006) (quoting *Moench v. Robertson*, 62 F.3d 553, 561 (3d Cir. 1995)).

Here, Taylor's complaint neither implied that Taylor was suing in its capacity as an ERISA fiduciary nor that Medical Mutual was being sued in its capacity as such. Rather, the relationship between Taylor and Medical Mutual was independent from any duties either party had to the Plan or its participants and beneficiaries. Taylor's claims related solely to Taylor's own injuries—not any injury to the Plan or its participants and beneficiaries—and Taylor was clearly seeking to enforce its rights under a separate, distinct administrative services contract with Medical Mutual. *See Sonoco*, 338 F.3d at 373 (holding that where a plan sponsor's claims "relate solely to its own injuries, and not to its fiduciary responsibilities to the plan or to the plan's participants and beneficiaries," it is not acting as a fiduciary under ERISA). Moreover, there was no allegation that Medical Mutual had failed to pay benefits to any participants or beneficiaries of the Plan, or that it had paid any claims in violation of the Plan's terms. Thus, any failure by Medical Mutual was not a failure to properly carry out its fiduciary duties of processing benefit claims and distributing Plan funds under the terms of the Plan. *See Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1359 (9th Cir. 1997) (noting that third-party administrator's "alleged failure was to file the claim with [the

excess liability insurer] properly and in a timely manner, it was not a failure to administer the Plan").

Even assuming that Medical Mutual had a duty to notify American National of any excess amount or to notify Taylor of its double payment, then, that duty could have only arisen out of the administrative services agreements between the parties and ran only to Taylor.

Because Taylor's claim involved neither Taylor's nor Medical Mutual's status as an ERISA fiduciary, Medical Mutual could not have reasonably concluded that it fell within the scope of § 1132(a)(2).[8] Accordingly, the district court did not abuse its discretion in awarding attorneys' fees and costs to Taylor under § 1447(c).

## IV

For the foregoing reasons, we **AFFIRM**.

---

[8]We briefly note that Medical Mutual could not have perceived Taylor's claim as one brought under any of the other subsections of ERISA's civil enforcement provision. Only a "participant or beneficiary" may bring a civil action under § 1132(a)(1), and, as discussed above, Medical Mutual does not dispute that Taylor is neither a "participant" nor a "beneficiary." Section 1132(a)(3) is also inapplicable because Taylor did not allege that Medical Mutual had violated any provision of ERISA or the terms of the Plan; it only alleged that Medical Mutual had violated the terms of the administrative services agreements between the parties. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 701 (6th Cir. 2005) (noting that employer's breach of contract claim against third-party service provider was not preempted by ERISA in part because there was "no allegation that any of the plan's terms have been breached"). Finally, Medical Mutual does not argue that Taylor's claim fell within the scope of the remaining subsections, §§ 1132(a)(4)–(a)(10).