OPINION
{¶ 1} Defendant-appellant, Garden Ridge Hilliard Delaware Business Trust ("GRH"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, CSFB 1998-C2 Park Mill Run, LLC ("Park Mill Run"), in an action for foreclosure brought by Park Mill Run. During the pendency of this appeal, we have granted Park Mill Run's motion to substitute in its place as appellee CadleRock's Hilliard Property, L.L.C. ("CadleRock's"), pursuant to an assignment making CadleRock's the real property in interest in the matter. These two entities will be referred to without distinction as "appellee," as the substitution of parties has no material effect upon the procedural posture or merits of the action.
 {¶ 2} This action arises out of GRH's default upon a commercial loan secured by a mortgage on a commercial building and land in Hilliard, Franklin County, Ohio. GRH borrowed $10,683,960.80 in 1998 from appellee's predecessor in interest, Boston American Lending Group-1, Inc., executing a note therefor and a mortgage on the Hilliard property. Various other documents executed at this time included an assignment to the lender of rents and leases on the property. The note, mortgage, and ancillary agreements defining the entirety of the relationship between the parties can be conveniently referred to as "the loan agreement." GRH leased the Hilliard property to a commercial tenant, Garden Ridge LP ("Garden Ridge"), which operates a garden store on the premises. Under the loan agreement between GRH and appellee, Garden Ridge submitted its monthly lease payments directly to appellee for application to debt service on the note. Also under the loan agreement, GRH's business activities were contractually limited to ownership and operation of the Hilliard property, which was thus its sole asset and sole means of repaying the loan.
 {¶ 3} Garden Ridge filed a voluntary petition for bankruptcy in February 2000 in the district of Delaware, and it stopped making full payments under the lease. The reduction in lease payments by the tenant, Garden Ridge, caused GRH to fall into default on the note. Negotiations between the parties to restructure the loan were unsuccessful, and appellee exercised its right under the note to accelerate the balance. Appellee initiated the foreclosure action in November 2004. Appellee also exercised its explicit right under the loan agreement to petition the court to appoint a receiver whose powers could include, inter alia, modification of the existing lease. The receiver then entered into an agreement, over GRH's objections, with Garden Ridge to modify the lease. That modification resulted in a reduction of monthly rent from $94,046 to $42,958. This reduction in monthly income essentially foreclosed any opportunity for GRH to meet its loan obligations.
 {¶ 4} Appellee filed its motion for summary judgment on April 12, 2005. GRH filed a memorandum in opposition and a contemporaneous motion for leave to amend its answer to include additional affirmative equitable defenses of unclean hands and breach of the implied duty of good faith. GRH did not contest that it was obligated under the note or that it was in default on the note, but sought to shift responsibility for the default to appellee.
 {¶ 5} On May 24, 2005, the trial court issued a decision denying GRH's motion to amend its answer and granting appellee's motion for summary judgment. The trial court found that the amount owed at the time of judgment upon the note was $9,088,258.42, to which would be added interest, fees, and costs. The trial court set the order of priority for creditors and entered foreclosure in favor of appellee.
 {¶ 6} GRH has timely appealed and brings the following assignments of error:
I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO AMEND ITS COMPLAINT.
 {¶ 7} As an initial matter, we note that the trial court granted summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son,Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the non-moving party has no evidence to prove its case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the non-moving party has no evidence to support his or her claims. Id.
 {¶ 8} An appellate court's review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588; Bard v. Society Natl. Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v.Shelly Co. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard.
 {¶ 9} Appellant's first assignment of error asserts that the trial court erred on various grounds in granting summary judgment for appellee. GRH first asserts that, because foreclosure is an equitable remedy, appellee is barred from invoking it by the doctrine of "unclean hands." The sole argument advanced in support of this position is that appellee, knowing that GRH relied solely on the monthly lease payments from Garden Ridge to satisfy the debt service on the note, obtained appointment of a receiver as allowed under the terms of the note and that the receiver subsequently amended the lease to reduce the monthly lease payments below an amount required to cover the debt service.
 {¶ 10} The facts of the case do not support application of the doctrine of unclean hands. Prior to appellee seeking appointment of the receiver, Garden Ridge was already in default on its lease payments and, consequently, GRH was in default on its loan payments. GRH has not articulated facts either before the trial court or in this appeal to support the contention that Garden Ridge was capable of making higher lease payments or that the amended lease did not reflect the new commercial reality of the landlord-tenant relationship in the subject property. GRH's primary argument before the trial court was that appellee had unreasonably resisted a loan workout that would have reduced GRH's required monthly payments while protecting the principal amount of the loan for payment at a future date. Appellee was within its rights under the terms of the loan agreement to refuse the proposed modification. GRH has simply not demonstrated any reason for the doctrine of unclean hands to preclude equitable relief in the form of foreclosure.
 {¶ 11} GRH also argues that appellee waived its claim to the full amount of the note payments when it entered into a lease amendment that provided reduced monthly lease payments from GRH. We disagree.
 {¶ 12} A waiver is a voluntary relinquishment of a known right, with full intention to relinquish it. Karl Kiefer MachineCo. v. Niemes (1948), 82 Ohio App. 310. The party asserting waiver bears the burden of showing that the party against whom waiver is claimed had actual or constructive knowledge of material facts in relation to the waived right. State Farm Mut.Ins. Co. v. Dick Ruhl Ford Sales, Inc. (Feb. 28, 1995), Franklin App. No. 94APG06-842. The present record does not indicate any relinquishment of a known right by appellee, but, rather, to the contrary, full exercise of appellee's rights under the loan agreement. If appellee, following GRH's default upon its loan service payments due to GRH's inability to pay full rent, had failed to exercise its rights under various aspects of the loan agreement, waiver might be better argued in the present case. That is, however, not the state of the record before us.
 {¶ 13} GRH finally argues that the trial court mistakenly applied Ohio law, rather than New York law, when construing the contract between the parties. If New York law were applied, GRH asserts, an implied covenant of good faith and fair dealing recognized by New York would preclude recovery by appellee: "`[N]either party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract[.]'" Dalton v. Educational TestingServ. (1995), 87 N.Y.2d 384, 389, quoting Kirke La Shelle Co.v. Paul Armstrong Co. (1933), 263 N.Y. 79.
 {¶ 14} The choice of law provision in the mortgage does specify application of New York law; however, this choice of law clause expressly excludes exercise of remedies:
* * * This Mortgage and all agreements and instruments executed by Borrower in connection herewith shall be governed by and construed in accordance with the internal laws of the State of New York, except that the laws of the State [Ohio] shall govern the exercise of remedies by Lender to the extent specified in the Loan Agreement.
 {¶ 15} "State" is defined elsewhere in the mortgage agreement as the situs of the property. The loan agreement in turn provides that Ohio law will govern for enforcement of remedies with respect to property or other assets, including actions for foreclosure and appointment of a receiver. Therefore, to the extent that the trial court applied Ohio law to decide the motion for summary judgment in foreclosure proceedings, we find no error.
 {¶ 16} Moreover, even if New York law were applicable, GRH has not demonstrated that a different outcome would result on the present facts. Dalton, cited by GRH, goes on to state in the same passage quoted above that "[t]he duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that `would be inconsistent with other terms of the contractual relationship.'" Dalton at 389, quoting Murphy v.American Home Prods. Corp. (1983), 58 N.Y.2d 293. Nothing in the case indicates that appellee did otherwise than act consistently within its rights under the terms and conditions in the loan agreement, once GRH fell into default on its debt service. The fact that appellee acted within its contractual rights to protect its interests, even where this adversely affected the financial interest of GRH, does not constitute bad faith.
 {¶ 17} In accordance with the foregoing, we find that GRH's arguments with respect to bad faith, choice of law, waiver, and equitable defenses do not have merit, and we overrule GRH's first assignment of error.
 {¶ 18} GRH's second assignment of error asserts that the trial court erred in denying GRH's motion to amend its answer to include the above-discussed equitable defenses. The trial court's denial was based, after examination of these defenses, on a finding that "amendment would be futile[.]" We review a trial court's decision on a motion to amend a complaint on an abuse of discretion standard. Wilmington Steel Products, Inc. v. Cleve.Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122. The term "abuse of discretion" connotes more than a mere error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. A finding that the trial court abused its discretion in denying a motion for leave to amend a complaint may be made if the motion was timely filed and stated a claim upon which relief could be granted. In the present case, the trial court did not act arbitrarily or unconscionably in denying the motion for leave to amend. The trial court examined the merits of the proposed new defenses and concluded that they would not affect the outcome of the case. The trial court properly determined that amendment was unwarranted because relief would not hinge upon the new proposed defenses. This conduct by the trial court did not constitute an abuse of discretion, and, in fact, constituted an effort by the trial court to give full weight to the proposed defenses and to find them inapplicable. Accordingly, we find no abuse of discretion on the part of the trial court, and we overrule GRH's second assignment of error.
 {¶ 19} In accordance with the foregoing, we overrule GRH's first and second assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas granting summary judgment on appellee's foreclosure complaint.
Judgment affirmed.
Klatt, P.J., and Deshler, J., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.