RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0444p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

LESLIE WARTHMAN,

        *Plaintiff-Appellant,*

    *v.*

GENOA TOWNSHIP BOARD OF TRUSTEES,

        *Defendant-Appellee.*

No. 07-4528

_____

Appeal from the United States District Court

for the Southern District of Ohio at Columbus.

No. 07-00860—Norah McCann King, Magistrate Judge.

Argued: October 29, 2008

Decided and Filed: December 15, 2008

Before: MARTIN and GILMAN, Circuit Judges; DOWD, District Judge.[*]

_____

## COUNSEL

**ARGUED:** James E. Melle, BUCKLEY KING, Columbus, Ohio, for Appellant. David A. Riepenhoff, DOWNES, HURST & FISHEL, Columbus, Ohio, for Appellee. **ON BRIEF:** James E. Melle, BUCKLEY KING, Columbus, Ohio, for Appellant. David A. Riepenhoff, Cheri B. Hass, DOWNES, HURST & FISHEL, Columbus, Ohio, for Appellee.

_____

[*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

———————————

**OPINION**

———————————

RONALD LEE GILMAN, Circuit Judge.  Leslie Warthman filed a complaint in the Court of Common Pleas for Delaware County, Ohio, arguing that the Genoa Township Board of Trustees violated the Ohio Open Meetings Law when it terminated her employment without allowing her to respond to the allegations against her at a public hearing.  The Township removed the case to the federal district court on the basis that a reference in the complaint to the Due Process Clause of the Fourteenth Amendment to the United States Constitution created federal question jurisdiction.  Holding that the complaint did not state a federal cause of action, the district court remanded Warthman's lawsuit to the state court.  The district court declined, however, to award Warthman the costs and attorney fees associated with the removal and subsequent remand.  For the reasons set forth below, we **VACATE** the portion of the district court's judgment that denied Warthman her request for costs and attorney fees and **REMAND** the case for reconsideration of that issue.

## I.    BACKGROUND

Warthman worked as a Zoning Inspector for the Genoa Township Board of Trustees in Westerville, Ohio.  The Genoa Township Zoning Commission (a separate entity) held a meeting on March 12, 2007 in which sharp differences of opinion were expressed regarding a thirty-acre parcel of property in the Township.  Warthman sent an email to the Board of Trustees the following day.  According to her complaint in this case, the email contained "harsh and unflattering" criticism of some Zoning Commission members.

At a Board of Trustees meeting on March 14, 2007, a Zoning Commission member requested an executive session between the Zoning Commission and the Board of Trustees.  The Board adopted a motion to hold such an executive session to consider taking action against Warthman, unless she requested a public hearing.  Warthman

responded to the Board's action by requesting a public hearing, but no such hearing on the matter was held. The Board of Trustees instead met in four separate executive sessions and subsequently terminated Warthman's employment on the ground that she had "admitted to having violated Township policies."

After Warthman was terminated, she filed a complaint in the Court of Common Pleas for Delaware County, Ohio. Her complaint alleged in Count One that the Township had violated the Ohio Open Meetings Law by adopting the resolution to fire her in a meeting not open to the public. In Count Two, the complaint asserted that "Defendant is estopped to deny Plaintiff's right to a public name clearing hearing." This estoppel claim arose from Warthman's contention that members of the Board of Trustees and the Zoning Commission "agreed that Plaintiff was entitled to a public hearing but at a later date," and that they had made that representation to her. Paragraph 25 of Warthman's complaint contained the sole reference to federal law, stating that, "[p]ursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution, [she] was entitled to a name clearing hearing."

The Township removed the case to the United States District Court for the Southern District of Ohio. In its Notice of Removal, the Township cited paragraph 25 of the complaint and Count Two, the estoppel claim, asserting that these portions of the complaint "state[d] a Federal Question pursuant to 28 U.S.C. [§] 1331." Warthman moved to remand the case back to state court and requested an award of "costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). The motion to remand explained that paragraph 25 of the complaint referenced the Due Process Clause of the Fourteenth Amendment simply to satisfy the Ohio Supreme Court's interpretation of the Ohio Open Meetings Law. *See Matheny v. Frontier Local Bd. of Educ.*, 405 N.E.2d 1041, 1046 (Ohio 1980) (explaining that the law guarantees the right to a public hearing only if that right is "elsewhere provided by law").

Ruling on the motion to remand the case to state court, the district court "conclude[d] that the complaint, fairly read, invoke[d] only claims under state law." The district court noted that the complaint made no reference to 42 U.S.C. § 1983 or any other federal statute, that the first count expressly invoked only Ohio law, and that the second count asserted only a common law estoppel claim. As a result, the district court granted the motion to remand the case to the state court. Regarding Warthman's request for an award of costs and attorney fees, however, the district court said: "Because removal of the action was based upon plaintiff's reference in the Complaint to federal law, the Court concludes that an award of fees or costs to plaintiff would be unjust and is unwarranted."

The district court's decision to grant the motion to remand the case to state court is not subject to review by this court. *See* 28 U.S.C. § 1447(d); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2415-16 (2007) (noting that remands based on a lack of subject matter jurisdiction are shielded from appellate review by § 1447(d)). This leaves only the denial of costs and attorney fees to Warthman as an issue on appeal. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 255 (6th Cir. 1997) (holding that this court has jurisdiction to review the award or denial of attorney fees under § 1447(c)).

## II.   ANALYSIS

### A. Standard of review

District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c), and we will overrule whatever decision is reached only where such discretion has been abused. *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005). An abuse of discretion occurs where "[a] district court . . . relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985) (citation omitted).

**B. Costs and attorney-fee awards upon remand**

A civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally. 28 U.S.C. § 1441. If the district court later determines that it lacks subject matter jurisdiction, however, the case must be remanded. 28 U.S.C. § 1447(c). The remand statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* This language places an award of costs and attorney fees (hereinafter sometimes collectively referred to simply as "fees" or "fee awards") squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005).

"Absent unusual circumstances," the Supreme Court instructs that fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. This court has similarly instructed that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew*, 409 F.3d at 687 (quoting *Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 WL 384558 at *2 (6th Cir. June 18, 1998) (unpublished) (emphasis in original)).

Warthman asserts in her brief that "[w]hen a district court denies attorney fees it abuses its discretion where the Defendant's argument for removal was devoid of even fair support." She takes this statement of the rule from *Bartholomew*, 409 F.3d at 687, an opinion that quoted from the unpublished *Ahearn* decision. 1998 WL 384558 at *2. This language suggests that the district court's "discretion" under § 1447(c) is basically a binary determination: if the defendant's argument for removal was objectively reasonable, the court may not award fees to the plaintiff; if it was not, the district court *must* award such fees. This court applied that rule in *Ahearn*. Following a finding that the removal to federal court in *Ahearn* lacked "fair support," the court remanded the case

with an instruction to "make an evidentiary determination as to the fees actually incurred in conjunction with the removal petition." *Id.* at *4.

*Bartholomew* quoted the rule as it was stated in *Ahearn*, but did not apply it in the same way because the defendant's removal in *Bartholomew* was fairly supportable. *Bartholomew*, 409 F.3d at 687-88. In *Bartholomew*, we accordingly affirmed the district court's denial of fees to the plaintiff. *Id.* at 688. Just eight months after *Bartholomew*, however, the Supreme Court decided *Martin*, which is now the leading case on discretionary fee awards pursuant to § 1447(c).

The Supreme Court in *Martin* noted that Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140. In cases where removal was not objectively reasonable, *Martin* instructs the district courts to consider this underlying purpose when they exercise their discretion. *Id.* at 141. In general, objectively unreasonable removals should result in fee awards to plaintiffs. *Id.* District courts should consider, however, whether "unusual circumstances warrant a departure from the rule in a given case." *Id.* For example, a court might find that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction" undermines the rationale that supports fee awards. *Id.*

In sum, *Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision. *See id.* The rule that this court articulated in *Ahearn* and *Bartholomew* therefore no longer applies.

## C. Denial of Warthman's request for costs and attorney fees

The district court denied Warthman's request for costs and attorney fees upon the remand of her case in a single sentence: "Because removal of the action was based upon plaintiff's reference in the Complaint to federal law, the Court concludes that an award of fees or costs to plaintiff would be unjust and would be unwarranted." As explained

above, however, a district court deciding whether to award fees in this situation may not simply look to whether the complaint in the case referenced federal law. It must instead decide whether the removal was objectively reasonable. *Id.* The district court should deny fees "when an objectively reasonable basis exists." *Id.* On the other hand, in cases where the removal was not objectively reasonable or, in the words of this court, where the removal attempt was not "fairly supportable," the district court may exercise its discretion to award fees or not, keeping in mind the underlying purposes of § 1447(c) awards and the general presumption that fees should be awarded under such circumstances. *Id.*; *Bartholomew*, 409 F.3d at 687.

In the present case, the district court did not apply the correct legal standard. We therefore conclude that the court abused its discretion when it denied costs and attorney fees to Warthman. *See United States v. 2903 Bent Oak Highway*, 204 F.3d 658, 665 (6th Cir. 2000) ("[T]his court ordinarily extends a high degree of deference to the district court's decision, but does so only if the district court properly understood the pertinent law . . . ."). But this does not mean that Warthman necessarily should receive a fee award. *See Martin*, 546 U.S at 141. She must first establish that the Township's removal attempt was not objectively reasonable.

A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000). Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Warthman's request for costs and attorney fees on remand must therefore be denied if, under an "objectively reasonable" reading of her complaint,

her right to relief either arose directly under federal law or depended upon the resolution of a substantial federal question. *See id.*; *Martin*, 546 U.S. at 141.

As an initial matter, the Township could not have based removal jurisdiction on Count One of Warthman's complaint. That count rested exclusively upon the Ohio Open Meetings Law, and the district court correctly noted that Count One "expressly invoke[d] only Ohio Law." *See* Ohio Rev. Code Ann. § 121.22. The Township made no attempt in its Removal Notice to find a federal claim buried within the first count of the complaint, and it makes no such attempt on appeal.

We nevertheless note that Count One incorporated paragraph 25, with its reference to the Due Process Clause of the Fourteenth Amendment. But as the district court recognized, this reference was made in order to satisfy the judicially created limitation on the Ohio Open Meetings Law, which holds that the law provides a right to a public hearing only if the hearing is "elsewhere provided by law." *See Matheny v. Frontier Local Bd. of Educ.*, 405 N.E.2d 1041, 1046 (Ohio 1980). And because paragraph 25 cited the parallel clause of the Ohio Constitution as an alternate source of the right to a hearing, the question of whether the Due Process Clause in fact provides such a right cannot support federal subject matter jurisdiction over Count One. *See Long*, 201 F.3d at 759-60 (holding that where a complaint states an alternate basis in state law upon which the underlying state-law claim can be resolved, there is no substantial federal question to support federal subject matter jurisdiction).

The Township instead purported to find a federal question in Count Two of Warthman's complaint. That Count, like the first, incorporated paragraph 25's reference to the U.S. Constitution. The complaint then stated that "[d]efendant is estopped to deny Plaintiff's right to a public name clearing hearing." In her prayer for relief pursuant to Count Two, Warthman asked that the court "find, declare and determine that Defendant is estopped from denying that Plaintiff had a right to a name clearing hearing which is the predicate for her hearing under R.C. 121.22(G)(1)[,]" a provision of the Ohio Open Meetings Law. The Township's Notice of Removal asserted that paragraph 25 and Count Two together stated a federal cause of action.

On appeal, the Board expands on this theory. It argues that "Plaintiff's Complaint appeared to attempt a . . . due process claim pursuant to the Fourteenth Amendment to the United States Constitution." The Fourteenth Amendment has in fact been held to provide a procedural due process right to a name-clearing hearing in cases that resemble Warthman's. *See, e.g.*, *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002) ("[W]hen a nontenured employee shows that he has been stigmatized by the voluntary, public dissemination of false information in the course of a decision to terminate his employment, the employer is required to afford him an opportunity to clear his name." (internal quotation marks omitted)).

A plaintiff employed by a public entity must plead a laundry list of elements in order to effectively state a claim that stigmatizing statements "deprived [him or her] of a liberty interest and entitled [him or her] to a name-clearing hearing." *Id.* The statements must have been made publicly and voluntarily by a public employer "in conjunction with the plaintiff's termination from employment." *Id.* In addition, "the plaintiff must claim that the charges made against him were false." *Id.* The charges must go beyond allegations of "merely improper or inadequate performance, incompetence, neglect of duty[,] or malfeasance." *Id.* Finally, the plaintiff must request a name-clearing hearing from the employer before filing his or her complaint. *Id.* at 322.

The Township lists these elements, and correctly notes that the facts pled by Warthman in this case might have supported a Due Process claim. But Warthman points out in response that, had she sought relief pursuant to the Due Process Clause, she would have been required to do so through the vehicle of a 42 U.S.C. § 1983 claim. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (*vacated on other grounds*, 488 U.S. 1036 (1989)) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Section 1983 was not mentioned anywhere in Warthman's complaint.

Some complaints, however, particularly those filed by pro se plaintiffs, have asserted claims for relief under the U.S. Constitution directly. District courts have on occasion interpreted such claims as § 1983 actions. *See, e.g.*, *Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (unpublished) (construing a complaint that referenced the Fourth Amendment as a § 1983 claim because "this circuit does not recognize direct constitutional claims against local officials and municipalities" (citing *Thomas*, 818 F.2d at 499)). But the omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by counsel should have provided the Township with notice that Warthman's reference to the Due Process Clause was not intended to raise a federal cause of action.

Warthman took great care to assert only state-law claims in her complaint, a choice that she was fully entitled to make even if it meant foregoing an available federal cause of action. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) ("The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."). She explicitly alleged a violation of only the Ohio Open Meetings Law in Count One, and clarified any ambiguity about her common law estoppel claim in Count Two by asking the court to declare that she "had a right to a name clearing hearing which is the predicate for her hearing under R.C. 121.22(G)(1)."

Warthman's complaint was not sloppily drafted. It neatly laid out two state-law causes of action and did not invite the Township—as a less careful complaint might have done—to latch onto the constitutional reference and imply a federal claim where none was stated. Warthman's freedom to choose state law in this manner would be significantly undermined by a rule that granted defendants the freedom to safely second guess a plaintiff's decision and remove to federal court on the basis of claims that could have been pled, but were not. *See Alexander*, 13 F.3d at 943.

Other plaintiffs in Warthman's situation—those who choose to forego federal claims and secure a state forum—sometimes expressly disclaim any arguable federal

cause of action in the text of their complaints.  *See, e.g.*, *Brown v. Vickers Employees Credit Union*, 162 F. Supp. 2d 528, 530 (S.D. Miss. 2001) ("[T]he plaintiff only set forth state law causes of action in the Complaint and specifically disclaimed all federal causes of action that might be available to him.").  Including such statements in complaints is an excellent practice that we strongly encourage because it avoids the procedural delay and expense of removal and remand as evidenced by the present case.  But because the removing defendant bears the burden to show federal jurisdiction, plaintiffs whose state-law claims do nothing more than make reference to a federal constitutional provision or statute should not be *required* to expressly forego federal claims in their complaints in order to avoid removal.  *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (noting that, in the removal context, defendants bear the burden of demonstrating that federal subject matter jurisdiction exists on the face of the complaint).  A contrary result would effectively shift the burden of establishing federal question jurisdiction in removal cases away from defendants by requiring plaintiffs to affirmatively establish the *lack* of such jurisdiction.  Any complaint that included even a passing mention of federal law would, so long as the facts could possibly have supported an undeclared federal claim, be subject to the expensive and delaying removals that § 1447(c) was designed to discourage.  *See Martin*, 546 U.S. at 140.

Defendants in similar cases need not worry about losing opportunities to remove where the plaintiff invokes only state law but later changes her mind.  The defendant's right to remove is preserved if the plaintiff later reveals that she wishes to make a federal claim after all.  *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").

A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in Warthman's case, simply supports an element of a state claim.  *See, e.g.*,

*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."); *Diaz v. Sheppard*, 85 F.3d 1502, 1504-05 (11th Cir. 1996) (holding that the district court did not have subject matter jurisdiction where the plaintiff's claims for legal malpractice, negligence, and breach of contract included passing mentions of federal constitutional law in his complaint, solely for the purpose of supporting those claims). And if the defendant has a legitimate doubt as to whether a complaint raises a federal cause of action, there is no law that prohibits the defendant from simply contacting the plaintiff and requesting a written confirmation that only state-law claims are being asserted. There is no evidence in the record that the Township took such action in the present case.

The Township instead rested removal on an isolated mention of the Fourteenth Amendment in a carefully drafted complaint that pled only state-law claims. Its basis for removal was not "objectively reasonable" under these circumstances. We therefore remand the case to the district court so that it may consider whether, in light of the *Martin* standard discussed above, an award of costs and attorney fees to Warthman is appropriate and, if so, the amount of the award. *See Martin*, 546 U.S at 141.

## III. CONCLUSION

For all of the reasons set forth above, we **VACATE** the portion of the district court's judgment that denied Warthman her request for costs and attorney fees and **REMAND** the case for reconsideration of that issue.