OPINION
{¶ 1} Plaintiff-appellant, Tyler R. Bachtel ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Columbus Police Chief James G. Jackson ("Chief Jackson"), Columbus Police Officers Caroline Castro ("Castro"), Lawrence Gauthney ("Gauthney"), Steven Boggs ("Boggs"), and Shawn Lingofelter ("Lingofelter") (collectively "appellees").
 {¶ 2} This matter arises out of an incident occurring at approximately 2:30 a.m., on November 20, 2005, that resulted in the arrest of appellant. Appellant states he and a *Page 2 
friend, Garrett Selfinger ("Selfinger"), were leaving the McDonald's near The Ohio State University campus when appellant turned quickly and accidentally spilled a glass of water onto the windshield of a passing car. The car contained four Columbus police officers, Castro, Gauthney, Boggs and Lingofelter, who were members of the Defensive Tactics Unit Arrest and Control Team.
 {¶ 3} The four officers were assigned to the subject area for crowd control following the Ohio State/Michigan football game that took place on Saturday, November 19, 2005. The officers were in plain clothes and traveling in an unmarked car. According to the officers, as they were proceeding on High Street, appellant threw a glass of ice and water onto the car's windshield. Gauthney, who was driving the car, stated that the water and ice hit the windshield, obscured his vision, and caused him to swerve into the center lane. Gauthney then turned the car around, and the officers observed appellant and his friend running away.
 {¶ 4} The officers contend when they reached appellant and Selfinger, the officers identified themselves as police officers and instructed the two individuals to stop. The individuals, however, refused to stop and a scuffle ensued. Appellant was eventually restrained but not before being hit with a taser several times.
 {¶ 5} Appellant alleges that after he accidentally spilled the water, the car made a U-turn and pursued him and Selfinger. As the car reached appellant and Selfinger, the four persons exited the vehicle and ran after them. One of the persons from the car pointed a gun at appellant. According to appellant, none of the persons from the vehicle identified themselves as police officers until after appellant was severely beaten and hit *Page 3 
multiple times with a taser. Appellant states he struggled to free himself from the officers in order to escape further beatings.
 {¶ 6} Uniformed officers arrived at the scene and appellant was arrested. Following his arrest, appellant was charged with resisting arrest in Franklin County Municipal Court. On January 31, 2006, appellant entered a guilty plea to disorderly conduct. Appellant was fined, sentenced to a suspended jail sentence, and placed on one year of unsupervised probation.
 {¶ 7} On January 30, 2006, appellant filed a complaint against appellees and three John Doe defendants, alleging the following nine causes of action: (1) assault and battery; (2) malicious prosecution; (3) wrongful arrest; (4) excessive force; (5) false imprisonment; (6) failure to train; (7) wanton and reckless retention; (8) conspiracy to commit malicious prosecution; and (9) intentional infliction of emotional distress. On March 30, 2007, appellees filed a motion for summary judgment asserting that seven of appellant's claims were barred by their applicable statutes of limitations, two of appellant's claims failed to state a claim upon which relief could be granted; the City of Columbus[1] had immunity under R.C. Chapter 2744; and the individual appellees had both immunity and qualified immunity.
 {¶ 8} On March 31, 2008, appellant filed a memorandum contra to appellees' motion for summary judgment. On this date, appellant also filed a motion to amend the complaint seeking to add a claim for negligence and a claim for failure to supervise. On July 23, 2008, the trial court rendered a decision granting appellees' motion for summary *Page 4 
judgment and denying appellant's motion for leave to amend the complaint. This appeal followed, and appellant brings the following four assignments of error for our review:
 I. The trial court erred in applying a heightened pleading standard to Plaintiff's claim for failure to train.
 II. As to Plaintiff's claim for failure to train, the trial court erred in finding that Plaintiff failed to state a claim upon which relief can be granted.
 III. The trial court erred in determining that no genuine issues of material fact exist as to Plaintiff's claim for failure to train.
 IV. The trial court erred in denying Plaintiff's Motion to Amend the Complaint.
 {¶ 9} Under Civ. R. 56(C), summary judgment may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ. R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 1996-Ohio-107. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 10} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Bard v. Soc. Natl. Bank, nka KeyBank (Sept. 10, 1998), 10th Dist. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. As such, we must affirm the trial court's judgment *Page 5 
if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41-42.
 {¶ 11} Appellant's first three assigned errors concern his claim for failure to train and will be addressed jointly.
 {¶ 12} The parties first dispute whether or not appellant set forth a proper claim for failure to train pursuant to 42 U.S.C. 1983. According to appellant, there is no recognized state law cause of action for failure to train; therefore, by the claim's very caption, appellant demonstrated he was asserting a section 1983 claim. Appellees on the other hand, argue there is nothing in appellant's complaint, in appellant's memorandum contra to summary judgment, or in appellant's motion to amend the complaint to indicate appellant was seeking relief pursuant to 42 U.S.C. 1983. According to appellees, it appears appellant was solely making state tort law claims for everything asserted in his complaint. Because most of appellant's claims were barred by their applicable statutes of limitations, appellees sought summary judgment as to those claims. Because a state law claim for failure to train is not recognized, appellees stated in their motion for summary judgment that appellant failed to state a claim upon which relief could be granted.
 {¶ 13} With respect to the failure to train claim, the trial court, in granting summary judgment, stated the parties were applying different standards. The trial court indicated appellees were seeking dismissal of this claim for failure to state a claim under Civ. R. 12, while appellant was arguing appellees failed to demonstrate no genuine issues of material fact existed with respect to the claim at issue and thereby failed to meet their initial burden under Civ. R. 56. *Page 6 
 {¶ 14} The trial court appears to have applied Civ. R. 56 and found that (1) appellant's claim for failure to train cannot be considered a section 1983 claim because nowhere does appellant claim appellees violated a constitutional right; and (2) there was no evidence to support appellant's conclusion that the Columbus Division of Police failed to properly train the officers or that their training fell short of an acceptable standard. In other words, the trial court analyzed the failure to train claim on alternate grounds. The trial court found appellant failed to state a claim for failure to train; and, in the alternative, even if there was a proper Section 1983 claim for failure to train set forth in the complaint, appellees established no genuine issue of material fact existed with respect to this claim, and appellant failed to meet his reciprocal burden to demonstrate the contrary.
 {¶ 15} Regardless of how appellees' motion is characterized, the core issue in this case on appeal is whether appellant stated a viable claim for failure to train pursuant to 42 U.S.C. 1983. We find that he has not. Therefore, appellees were entitled to dismissal of this claim pursuant to Civ. R. 12.[2]
 {¶ 16} 42 U.S.C. 1983 states:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or *Page 7 
declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
 {¶ 17} A municipality can be found liable under section 1983 only where the municipality itself causes the constitutional violation at issue, as respondeat superior or vicarious liability will not attach under section 1983. Monell v. New York City Dept. of SocialServices (1978), 436 U.S. 658, 694-95, 98 S.Ct. 2018. The United States Supreme Court recognized the failure to train theory as a basis for Section 1983 liability in City of Canton v. Harris (1989), 489 U.S. 378,109 S.Ct. 1197, when it held "there are limited circumstances in which an allegation of a `failure to train' can be the basis for liability under § 1983." Id. at 387. The Supreme Court went on to state:
 We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. This rule is most consistent with our admonition in Monell, 436 U.S., at 694, and Polk County v. Dodson, 454 U.S. 312, 326 (1981), that a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983. As Justice Brennan's opinion in Pembaur v. Cincinnati, 475 U.S. 469, 483-484
(1986) (plurality) put it: "[M]unicipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. See also Oklahoma City v. Tuttle [1985], 471 U.S. [808], at 823 (opinion of Rehnquist, J.). Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality — a "policy" as defined by our prior cases — can a city be liable for such a failure under § 1983.
Id. at 388-89. *Page 8 
 {¶ 18} "[I]t would not suffice `to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.'" Walls v. City of Detroit (May 14, 1993), Sixth Circuit Court of Appeals No. 92-1846, quoting City of Canton, 489 U.S. at 391. "A constitutional violation could be alleged only when the inadequate training of police officers amounted to `"deliberate indifference" to the rights of persons with whom the police come into contact.'" Id., quoting Collins v. City of Harker Heights (1992), 503 U.S. 115, 123,112 S.Ct. 1061, 1068.
 {¶ 19} In Leatherman v. Tarrant Cty. Narcotics Intelligence Coordination Unit (1993), 507 U.S. 163, 113 S.Ct. 1160, the United States Supreme Court held that section 1983 claims were subject to the same notice pleading requirements as complaints brought under other statutes. Id. at 168. In order to state a claim under Section 1983, a plaintiff "must allege the existence of a policy, practice or custom that resulted in the injury" to the plaintiff. Moreno v. Metro. Gen.Hosp. (Mar. 28, 2000), Sixth Circuit Court of Appeals No. 99-5205, citing Monell, supra. In Moreno, the plaintiffs alleged the municipality defendant failed to train its employees in the proper use of excessive force, and the court stated, "[t]o establish a failure to train claim, a complaint must set forth sufficient facts connecting the victim's injury with a municipal policy, custom or practice and it must allege that the defendants' `failure to train amounted to deliberate indifference to the rights of' the decedent." Id., citing City of Canton.
 {¶ 20} In Chaabouni v. City of Boston (D.Mass., 2001),133 F.Supp.2d 93, the court reviewed whether a purported claim for failure to train under section 1983 was sufficiently pled. The court stated: *Page 9 
 If Chaabouni's section 1983 claim does, indeed, rest on the City's failure to train Officers Buchanan and Thomas, then he must allege either that (1) the City knew when it hired the officers that the risk of future constitutional violations due to the use of excessive force was "so obvious" that its failure to train him would likely result in continued violations or (2) the City subsequently learned of a serious incident, yet took no action to provide the necessary training. If a plaintiff does not allege either of these underlying factual grounds in a failure to train case against a municipality, then he has not alleged deliberate indifference on the part of the municipality. Without an allegation of deliberate indifference, a claim against a municipality is without foundation.
(Internal citations omitted.) Id. at 100, citing City of Canton,489 U.S. at 388-89.
 {¶ 21} Most recently, however, the Sixth Circuit Court of Appeals reviewed the pleading of a section 1983 cause of action in Warthman v.Genoa Twp. Bd. of Trustees (C.A.6, 2008), 549 F.3d 1055. InWarthman, the plaintiff filed suit in state court alleging the defendants violated the Ohio Open Meeting Law and her due process rights. The defendants removed the matter to federal court, and the plaintiff sought a remand back to state court. In concluding the complaint asserted only state causes of action, the court noted that while the facts pled by the plaintiff might have supported a due process claim, section 1983 was not mentioned anywhere in the plaintiff's complaint. The court elaborated as follows:
 Some complaints, however, particularly those filed by pro se plaintiffs, have asserted claims for relief under the U.S. Constitution directly. District courts have on occasion interpreted such claims as § 1983 actions. See, e.g., Jordan v. Moore, No. 99-3489, 2000 U.S. App. LEXIS 1538, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (unpublished) (construing a complaint that referenced the Fourth Amendment as a § 1983 claim because "this circuit does not recognize direct constitutional claims against local officials and municipalities" (citing Thomas [v. Shipka], 818 F.2d [496], at 499)). But the omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by *Page 10 
counsel should have provided the Township with notice that Warthman's reference to the Due Process Clause was not intended to raise a federal cause of action.
 Warthman took great care to assert only state-law claims in her complaint, a choice that she was fully entitled to make even if it meant foregoing an available federal cause of action. See Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994) ("The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."). She explicitly alleged a violation of only the Ohio Open Meetings Law in Count One, and clarified any ambiguity about her common law estoppel claim in Count Two by asking the court to declare that she "had a right to a name clearing hearing which is the predicate for her hearing under R.C. 121.22(G)(1)."
 Warthman's complaint was not sloppily drafted. It neatly laid out two state-law causes of action and did not invite the Township — as a less careful complaint might have done — to latch onto the constitutional reference and imply a federal claim where none was stated. Warthman's freedom to choose state law in this manner would be significantly undermined by a rule that granted defendants the freedom to safely second guess a plaintiff's decision and remove to federal court on the basis of claims that could have been pled, but were not. See Alexander, 13 F.3d at 943.
Id. at 1062-63.
 {¶ 22} Here, appellees contend appellant's complaint simply fails to state a claim for failure to train under section 1983. We agree. Initially, we note appellant's complaint makes no reference whatsoever to 42 U.S.C. 1983, nor does it make any request for attorney fees; two common indicia of section 1983 claims. More notably, however, the complaint does not specify the deprivation of a specific constitutional right, nor does it allege a policy of the municipality that is causally related to his injuries. Contrary to his contention, appellant's complaint does not sufficiently put appellees on notice that he is *Page 11 
seeking relief pursuant to 42 U.S.C. 1983. All of appellant's nine asserted causes of action appear to be pled as state tort law claims, and the failure to train claim appears no different. When seeking summary judgment, appellees treated all the claims as state law claims, and at no time, in the memorandum contra to summary judgment or in the motion to amend the complaint, did appellant state he was seeking relief under 42 U.S.C. 1983 for failure to train. Such assertion is not made by appellant until the filing of his merit brief on appeal. As such, we find appellees were entitled to dismissal of the claim for failure to train as appellant failed to state a claim upon which relief could be granted.
 {¶ 23} For these reasons, appellant's first two assignments of error are overruled, and appellant's third assignment of error is overruled as moot.
 {¶ 24} While appellant's complaint alleged nine causes of action, and the trial court granted summary judgment with respect to all of those claims, appellant's appeal raises only the issue of whether the trial court erred in granting summary judgment in favor of appellees as to appellant's claim for failure to train. Even though we need not address the remaining claims, we nevertheless conclude, based upon our own de novo review, that the trial court did not err in granting summary judgment as to those claims.
 {¶ 25} In his fourth assignment of error, appellant contends the trial court abused its discretion in denying his motion for leave to amend his complaint. As noted previously, appellant filed a motion to amend his complaint on the same day he filed a memorandum contra to appellees' motion for summary judgment. Appellant sought to add to his complaint a claim for negligence in the operation of a motor vehicle and a claim for failure to supervise. The trial court denied appellant's motion to amend the complaint finding it *Page 12 
untimely. The trial court also found appellant was unable to make a prima facie showing of support for the claims he sought to add.
 {¶ 26} Civ. R. 15(A) provides that a party may seek leave of court to amend its pleading and that leave "shall be freely given when justice so requires." While Civ. R. 15(A) encourages liberal amendment, "motions to amend pleadings pursuant to Civ. R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Loc. School Dist. (1999), 85 Ohio St.3d 95, 99. In considering a plaintiff's request to amend its complaint, "`a trial court's primary consideration is whether there is actual prejudice to the defendants because of the delay.'" Darby v. A-Best ProductsCo., 102 Ohio St.3d 410, 2004-Ohio-3720, at ¶ 20, quoting Helman v. EPLProlong, Inc. (2000), 139 Ohio App.3d 231, 251. Because the decision of whether to grant or deny a motion to amend is within the trial court's discretion, an appellate court reviews such a ruling under an abuse of discretion standard. Turner, at 99; Wilmington Steel Products, Inc. v.Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120.
 {¶ 27} A finding that the trial court abused its discretion in denying a motion for leave to amend a complaint may be made if the motion was timely filed and stated a claim upon which relief could be granted.CSFB 1998-C2 Park Mill Run, LLC v. Garden Ridge Hilliard DelawareBusiness Trust, 10th Dist. No. 05AP-746, 2006-Ohio-1535, ¶ 18. In the present case, the trial court did not act arbitrarily or unconscionably in denying the motion for leave to amend. We note appellant filed his motion to amend on March 31, 2008 — over two years after the filing of the complaint, weeks after appellees filed their motion for summary judgment, and only two months prior to the scheduled trial date; *Page 13 
therefore, we do not find appellant's motion to amend the complaint was timely. Further, the trial court examined the proposed amendments to the complaint and concluded there was no prima facie showing of support for the claims appellant sought to add. This conduct by the trial court did not constitute an abuse of discretion and, instead, demonstrates an effort by the trial court to give full weight to the proposed amendments. Accordingly, we find no abuse of discretion on the part of the trial court, and we overrule appellant's fourth assignment of error.
 {¶ 28} For the foregoing reasons, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
FRENCH, P.J., and TYACK, J., concur.
[1] Though the City of Columbus was not named as a defendant, a suit against a government official in his official capacity is treated as a suit against the government entity. Kentucky v. Graham (1985),473 U.S. 159, 105 S.Ct. 3099.
[2] Our standard of review for a dismissal granted pursuant to Civ. R. 12(B)(6) or summary judgment granted pursuant to Civ. R. 56 is de novo.Gonzales v. Ohio Dept. of Rehab. and Corr., 10th Dist. No. 08AP-567,2009-Ohio-246. *Page 1