NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0591n.06

No. 25-3208

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|   |   |   |
|---|---|---|
| ROBERT B. WEIR, | ) | **FILED** |
| | ) | Dec 19, 2025 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| SUSAN ANNE WASSERMAN, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GILMAN, GRIFFIN, and MURPHY, Circuit Judges.

PER CURIAM. Defendant Susan Wasserman, an attorney representing herself, removed a collection action against her from state to federal court. The district court remanded the case to the state court and awarded attorney fees and costs to the plaintiff, Robert Weir. Wasserman now appeals. We lack jurisdiction to review the remand order, so we dismiss the appeal in part. We otherwise affirm.

In 2018, Wasserman, a probate attorney, sought to reopen an estate on behalf of her client, Elizabeth Koeberer. Weir, the executor and trustee of the trust holding Koeberer's share of the proceeds, opposed that effort, as did Koeberer's siblings. Ultimately, the Franklin County Probate Court refused to reopen the estate and sanctioned Wasserman and Koeberer for frivolous conduct. In December 2023, the probate court ordered Wasserman to pay Weir $64,675.46 in attorney fees and expenses.

In February 2024, Weir moved the Franklin County Court of Common Pleas for a certificate of judgment, seeking to collect that award. The trial court ordered Wasserman to appear

at a judgment-debtor's examination, and Weir subpoenaed her to appear for a deposition in June 2024. Wasserman unsuccessfully moved the state appellate court to stay those proceedings. After Wasserman failed to appear for her deposition, Weir moved the trial court to compel her appearance and for sanctions. A few days later, Wasserman removed the case, invoking the district court's diversity and federal-question jurisdiction.

Weir promptly moved to remand the case to the state court, arguing that the requirements for diversity jurisdiction were not met and that the case did not present a federal question. He also argued that Wasserman had failed to remove the case within the 30-day time limit. *See* 28 U.S.C. § 1446(b). And, characterizing the removal as frivolous, he requested attorney fees and costs.

The district court granted Weir's motion to remand, concluding that Wasserman had "utterly failed" to establish federal subject-matter jurisdiction. First, the district court explained that the amount in controversy—$64,675.46—fell below the threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Second, the district court found no basis for federal-question jurisdiction because Weir sought only to execute a state-court judgment and raised no claims arising under federal law. *See* 28 U.S.C. § 1331. And the district court ordered Wasserman to pay attorney fees and costs under 28 U.S.C. § 1447(c) because the removal "lacked an objectively reasonable basis." The district court directed Weir's counsel to submit an accounting of his fees and costs within 14 days, after which the case would be remanded to the state court.

Wasserman moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), generally asserting that the state-court proceedings had been tainted by fraud and violations of her right to due process. The district court denied that motion, issued a separate order granting Weir's request for $20,831.25 in attorney fees and $32 in costs, and entered judgment. On appeal, Wasserman challenges both the remand and the decision to award fees.

Our review of remand orders is circumscribed by statute. Except when a case is removed under 28 U.S.C. §§ 1442 and 1443—neither of which was invoked or applies here—a district court's remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). This provision is read in conjunction with § 1447(c) and bars review of remands based on the grounds specified there—a lack of subject-matter jurisdiction or a timely raised procedural defect. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995); *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 851 (6th Cir. 2012). Because the district court remanded this case on one of those grounds—lack of subject-matter jurisdiction—we cannot review its decision. *See Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) ("[R]emands based on a lack of subject matter jurisdiction are shielded from appellate review by § 1447(d)." (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229–30 (2007))).

Wasserman counters that we can review the district court's decision because it was based on the untimeliness of her removal, not on a lack of subject-matter jurisdiction. But she is incorrect as a matter of both fact and law. The district court never mentioned untimeliness, basing its decision solely on the lack of jurisdiction. And, in any event, "untimely removal [is] precisely the type of removal defect contemplated by § 1447(c)," so a remand on that basis would be unreviewable as well. *Things Remembered*, 516 U.S. at 128.

Although we cannot review the district court's decision to remand, we can review its award of attorney fees and costs under § 1447(c), which authorizes the award of costs, including attorney fees, resulting from improper removal. *Warthman*, 549 F.3d at 1059. We review that decision under the abuse-of-discretion standard. *Id.* A fee award under this provision is generally appropriate when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

As the removing party, it was Wasserman's burden to demonstrate that the district court had subject-matter jurisdiction over the case. *See Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017). To do so, she needed to show either that the requirements for diversity jurisdiction were met or that the case arose under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The district court concluded that she lacked an objectively reasonable basis for removal on either basis because the amount in controversy fell below the statutory threshold and because no federal law was implicated in Weir's action to execute a state-court judgment. *See id.* (explaining that the "federal question" must be "presented on the face of the plaintiff's properly pleaded complaint"). Wasserman does not address either conclusion on appeal, arguing only that the removal was in good faith because it was timely in light of Weir's alleged forgery of service in the state-court proceeding. She has thus forfeited any argument that she had an objectively reasonable basis for believing that the case fell within the district court's jurisdiction. *See Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 881–82 (6th Cir. 2024) (explaining that an inadequately developed argument is forfeited). To the extent that her vague references to due process can be construed as an attempt to establish federal-question jurisdiction, they fall short. Because a federal question must appear on the face of the complaint, "potential federal defenses" are not considered. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). And Wasserman does not raise any other challenge to the fee award. In these circumstances, we find no abuse of discretion by the district court.

For these reasons, we **DISMISS** Wasserman's appeal of the district court's remand order for lack of jurisdiction and **AFFIRM** the district court's fee award. We also **DENY** the motions to supplement the record and for judicial notice and **DENY** as moot the motions to dismiss the appeal and to strike.